UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DANIEL S. O'TOOLE, ) | |
| STACIA L. O'TOOLE, ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | CAUSE NO.: 1:20-cv-01893-SEB-DLP |
| ) | |
| ROACHE & ASSOCIATES, ) | |
|     Defendant. ) | |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS**

The Plaintiffs, Daniel S. O'Toole and Stacia L. O'Toole (hereinafter "Plaintiffs"), filed their Complaint on July 16, 2020, alleging a violation of the Fair Debt Collection Practices Act (hereinafter "FDCPA"); 15 USC § 1692 *et seq*. [See Doc. 1]. Plaintiffs allege in their Complaint that the Defendant, Bob Roache Law, Inc. d/b/a Roache & Associates (hereinafter "Defendant"), violated the FDCPA by sending a letter on April 23, 2019, that was confusing and provided conflicting information in relation to a previous letter (sent on March 27, 2019) as to the Plaintiffs' rights under the FDCPA. [See Doc. 1, ¶¶ 5-10].

The statute of limitations for an FDCPA violation is one year pursuant to 15 USC 1692k(d). As the Plaintiffs' allegations of a violation stem from a letter sent on April 23, 2019, the Complaint filed on July 16, 2020, is barred by the statute of limitations as being filed past the one-year time limit.

**Standard of Review**

In ruling upon a FRCP 12(b)(6) motion, a Court must construe the complaint in the light most favorable to the Plaintiffs, accept as true all well-pleaded facts, and draw reasonable inferences in favor of the Plaintiffs. *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Circ. 2013)

(citing *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir.2008)). A Court is not required to accept as true statements of law or unsupported conclusory factual statements. *Id*. (citing *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir.2011)).

Furthermore, in *Brooks v. Ross* the Seventh Circuit Court of Appeals has found that a statute of limitations defense can be evaluated through a motion to dismiss:

> While complaints typically do not address affirmative defenses, the statute of limitations may be raised in a motion to dismiss if "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense." *United States v. Lewis,* 411 F.3d 838, 842 (7th Cir.2005). (Technically, one might see this as a motion for judgment on the pleadings under Rule 12(c) rather than a motion under Rule 12(b)(6), but the practical effect is the same.) We find it appropriate here to consider the statute of limitations because the relevant dates are set forth unambiguously in the complaint. *Brooks v. Ross*, 578 F.3d 574, 579 (7th Cir. 2009).

As such, this Court may consider a statute of limitations defense as a reason to dismiss the Complaint pursuant to FRCP 12(b)(6).

## **Argument**

Accepting all the allegations of Plaintiff's Complaint as true as required by case law, the Court should dismiss this case as it was filed past the statute of limitations.

The relevant statute of limitations for an FDCPA action is found at 15 USC 1692k(d), which states:

> An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year *from the date on which the violation occurs*. (emphasis added).

Finding that the statutory language was unambiguous, the U.S. Supreme Court has confirmed that the FDCPA statute of limitations begins to run on the date of the violation, not when the violation is discovered, leaving open the

question of equitable tolling of the statute due to fraudulent concealment of the violation. See *Rotkiske v. Klemm*, 140 S.Ct. 355 (2019).

The Complaint alleges that the letter sent by the Defendant on April 23, 2019, was in violation of the FDCPA. [See Doc. 1, ¶¶ 5-10 and Exhibit B to the Complaint]. That letter is the sole basis for the Plaintiffs' claim as the Complaint does not allege that any other act of the Defendant was in violation of the FDCPA. As such, the statute of limitations ran on April 23, 2020. When the Complaint was filed on July 16, 2020, this was well outside the limitations time deadline. As required in *Brooks*, *supra*, the Complaint contains all the relevant information necessary to rule on the limitations defense. There is no inference from the facts pled in the Complaint that can be draw in favor of Plaintiffs that would remove this cause from dismissal under the applicable statute of limitations. Therefore, this cause should be dismissed with prejudice.

## **Conclusion**

For the foregoing reasons, the Defendant respectfully requests that the Court grant this Motion and dismiss the Plaintiffs' Complaint with prejudice.

    Respectfully submitted,

    /s/ Joseph B. Walterman
    Joseph B. Walterman (24436-49)
    jbw@waltermanlegal.com
    P.O. Box 631
    Greenwood, IN 46142
    Phone: 317-750-7990

## CERTIFICATE OF SERVICE

I hereby certify that on 10-6-20, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

Attorney for Plaintiffs:

James R. Recker

/s/ Joseph B. Walterman
Joseph B. Walterman (24436-49)
