UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DANIEL S. O'TOOLE,  <br>STACIA L. O'TOOLE, <br>  <br>    Plaintiffs, <br>  <br>        v. <br>  <br>BOB ROACHE LAW, INC <br>   d/b/a ROACHE & ASSOCIATES, <br>  <br>    Defendant. | No. 1:20-cv-01893-DLP-SEB |

## ORDER

This matter originally came before the Court on the Defendant's Motion to Dismiss, which argues that the Plaintiffs failed to state a claim upon which relief could be granted because the Complaint is barred by the applicable statute of limitations. (Dkt. 8). In reviewing the parties' arguments, the Court found it prudent to also evaluate the Plaintiffs' standing. As recent Seventh Circuit cases have made clear, the Court must first weigh that threshold question of the Plaintiffs' standing to sue. In an effort to further consider this question, the Court requested supplemental briefing addressing the Plaintiffs' standing. The Defendant filed its supplemental brief on January 17, 2021. (Dkt. 27). The Plaintiffs did not file a supplement.

### I.   Legal Standard

Standing is a threshold requirement because it derives from the Constitution's limit on federal courts' authority to resolve "cases" and "controversies." U.S. Const. art. III, § 2, cl. 1; *see Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101–02, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). The plaintiffs, as the party invoking the Court's jurisdiction, must

establish the elements of standing: they must prove that they have suffered a concrete and particularized injury that is both fairly traceable to the challenged conduct and likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547, 194 L.Ed.2d 635 (2016) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)); *see also Casillas v. Madison Ave. Assocs., Inc.*, 926 F.3d 329 (7th Cir. 2019) (applies the requirement of injury as an essential element of standing in Fair Debt Collection Practices Act cases); *Larkin v. Fin. Sys. of Green Bay, Inc.*, 982 F.3d 1060, 1065–66 (7th Cir. 2020); *Spuhler v. State Collection Serv., Inc.*, 983 F.3d 282 (7th Cir. 2020); *Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274 (7th Cir. 2020).

"To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 136 S. Ct. at 1548. "A concrete injury is a real injury—that is, one that actually exists, though intangible harms as well as tangible harms may qualify." *Nettles v. Midland Funding LLC*, 983 F.3d 896, 899 (7th Cir. 2020).

## II.  Discussion

Defendant contends that Plaintiffs have not alleged a concrete injury such that subject matter jurisdiction has not been established. (Dkt. 27). Plaintiffs did not submit a brief regarding standing.

In their Complaint filed on July 16, 2020, Plaintiffs allege that they incurred a consumer debt on behalf of the Smokey Ridge Homeowners Association, Inc. (Dkt. 1 at 2). Plaintiffs allege in their Complaint that the Defendant sent a collection letter on April 23, 2019 that was "violative of 15 U.S.C.A 1692(a) for confusing and conflicting information as

to the consumer's rights under the Act which the debt collector is required to give." (Dkt. 1 at 2-3). Plaintiffs further claim that "such conflicting information in the letter is a violation of the Fair Debt Collection Practices Act by attempting to defeat the statute's purpose by making the required disclosures in a form or within a context in which they are unlikely to be understood by the unsophisticated debtors [who are] the particular objects of the statute's solicitude. *Bartlett v. Heibl* 128 F.3d 497 (7th Cir. 1997)." (Id. at 3). Plaintiffs conclude by noting that as "a result of the unlawful collection practices of the Defendant, . . . [Plaintiffs'] rights under 15 U.S.C.A 1692, have been violated and Plaintiffs have been damage[d] thereby." (Id.).

While not explicit, the Plaintiffs seem to argue that the Defendant's collection letter was confusing or misleading. As the Seventh Circuit has held, allegations of annoyance or confusion do not constitute the "particularized" loss required to create constitutional standing. *Gunn v. Thrasher, Buschmann & Voelkel, P.C.*, 982 F.3d 1069, 1071 (7th Cir. 2020) ("[A] sense of indignation (=aggravated annoyance) is not enough for standing"). Debtors who are confused by a dunning letter may be injured if they act, to their detriment, based on that confusion; the state of confusion, however, is not itself an injury. *See Brunett v. Convergent Outsourcing, Inc.*, 982 F.3d 1067, 1068 (7th Cir. 2020). Here, Plaintiffs allege no injury beyond their confusion regarding the April 23, 2019 dunning letter. Without an allegation tying the Plaintiffs' confusion to some detrimental action they took or risked taking related to their outstanding debt, that confusion alone does not rise to a concrete or particularized injury. Accordingly, this Court lacks subject matter jurisdiction over Plaintiffs' claims.

### III.   Conclusion

For the foregoing reasons, Plaintiffs have not shown that they suffered a concrete injury. As such, Defendant's Motion to Dismiss, Dkt. [8], is **GRANTED**, and Plaintiffs' Complaint is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction. Final judgment shall issue accordingly.

So ORDERED.

Date: 2/16/2021

*Doris L. Pryor*
Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email